William P. Deni, Jr.
J. Brugh Lower
Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@fbtgibbons.com
jlower@fbtgibbons.com
sdonat@fbtgibbons.com

*Attorneys for Plaintiff*
*Shionogi Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHIONOGI INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHANGHAI AUZONE BIOLOGICAL TECHNOLOGY CO., LTD., AUZONE BIOLOGICAL TECHNOLOGY (USA) LTD., and AUZONE BIOLOGICAL TECHNOLOGY PTY LTD,<br><br>Defendants. | Civil Action No. 26-13323 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Shionogi Inc. ("Shionogi" or "Plaintiff"), by its undersigned attorneys, brings this action for patent infringement against Defendants Shanghai Auzone Biological Technology Co., Ltd. ("Shanghai Auzone"), Auzone Biological Technology (USA) Ltd., and Auzone Biological Technology Pty Ltd (collectively, "Defendants"), and hereby alleges, on knowledge as to its own actions, and on information and belief as to all other matters, as follows:

**NATURE OF THE CASE**

1. This is an action for infringement by Defendants, under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, of Shionogi's United States Patent No. 12,599,586 ("the '586 patent") (the "Patent-in-Suit"), under the United States Patent Laws, 35 U.S.C. §§ 100 *et seq.*, the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*, as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

2. This action arises from Defendants' submission to the United States Food and Drug Administration ("FDA") of 505(b)(2) New Drug Application ("NDA") No. 219846, seeking approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of its pharmaceutical products before the expiration of the Patent-in-Suit, which is listed in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, (the FDA's "Orange Book") for RADICAVA ORS®.

3. There are several related patent infringement actions, involving the same drug RADICAVA ORS® and certain of the same patents, pending in this District. *See In re Radicava ORS*, Civil Action No. 25-03326 (D.N.J.) (filed Apr. 25, 2025); *Shionogi Inc. v. Sandoz Inc.*, Civil Action No. 25-16664 (D.N.J.) (filed Oct. 15, 2025); *Shionogi Inc. v. Cipla USA, Inc., et al.*, Civil Action No. 25-16677 (D.N.J.) (filed Oct. 16, 2025); *Shionogi Inc. v. Apotex Inc., et al.*, Civil Action No. 25-16679 (D.N.J.) (filed Oct. 16, 2025); *Shionogi Inc. v. Lupin Ltd., et al.*, Civil Action No. 25-16680 (D.N.J.) (filed Oct. 16, 2025); *Shionogi Inc. v. Zydus Pharmaceuticals (USA) Inc. et al.*, Civil Action No. 25-18032 (D.N.J.) (filed Nov. 29, 2025); *Tanabe Pharma Corp. v. Azurity Pharmaceuticals, Inc. et al.*, Civil Action No. 26-00559 (D.N.J.) (filed Jan. 16, 2026); *Shionogi Inc. v. Cipla USA, Inc., et al.*, Civil Action No. 26-01734 (D.N.J.) (filed Feb. 20, 2026); *Shionogi Inc. v. Lupin Ltd., et al.*, Civil Action No. 26-03893 (D.N.J.) (filed Apr. 13, 2026); *Shionogi Inc. v. Lupin Ltd., et al.*, Civil Action No. 26-06218 (D.N.J.) (filed May 28, 2026); *Shionogi Inc. v. Zydus Pharmaceuticals (USA) Inc. et al.*, Civil Action No. 26-06619 (D.N.J.) (filed June 5, 2026); *Shionogi Inc. v. Sandoz Inc.*, Civil Action No. 26-07063 (D.N.J.) (filed June 12, 2026); *Mitsubishi Tanabe Pharma Corporation v. Cipla USA, Inc., et al.*, Civil Action No. 26-07336 (transferred to D.N.J. on June 18, 2026); *Shionogi Inc. v. Lupin Ltd., et al.*, Civil Action No. 26-07831 (D.N.J.) (filed June 26, 2026); *Shionogi Inc. v. Sandoz Inc.*, Civil Action No. 26-08842 (D.N.J.) (filed July 16, 2026); *Shionogi Inc. v. Cipla USA, Inc., et al.*, Civil Action No. 26-09658 (D.N.J.) (filed July 30, 2026); *Shionogi Inc. v. Azurity Pharmaceuticals, Inc., et al.*, Civil Action No. 26-09805 (D.N.J.) (filed Aug. 3, 2026); *Shionogi Inc. v. Apotex Inc., et al.*, Civil Action No. 26-11105 (D.N.J.) (filed Aug. 26, 2026); and *Shionogi Inc v. Zydus Pharmaceuticals (USA) Inc. et al.*, Civil Action No. 26-12063 (D.N.J.) (filed Sep. 14, 2026).

4. As publicly announced on December 22, 2025, Shionogi entered into an agreement to acquire the global RADICAVA ORS® business from Tanabe Pharma Corporation ("TPC") (formerly known as Mitsubishi Tanabe Pharma Corporation ("MTPC")). As of April 1, 2026, Shionogi acquired ownership and control of the RADICAVA ORS® assets in the United States, including the NDA for RADICAVA ORS® and its Orange Book-listed patents.

5. Pursuant to this transfer of ownership, TPC intends to file motions pursuant to Federal Rule of Civil Procedure 25(c) to address the transfer of interest and to substitute Shionogi as the appropriate Plaintiff.

## AMYOTROPHIC LATERAL SCLEROSIS

6. Amyotrophic lateral sclerosis ("ALS"), also known as Lou Gehrig's disease, is a devastating and fatal neurodegenerative disease that causes motor neurons – nerve cells in the brain and spinal cord – to progressively decay and die. When this happens, the brain's ability to control muscle movement is progressively lost as the patient loses the ability to speak, eat, move and eventually breathe. The underlying causes of ALS are not known. Once diagnosed with ALS patients, on average, die within 3 to 5 years from when symptoms first appear, although their quality of life deteriorates substantially throughout their few remaining years. However, in patients diagnosed much later, the survival window is even shorter – often within months. There is no cure for ALS.[1]

7. The care of an ALS patient is burdensome, requiring a team of medical professionals, specialized equipment, and constant attention of a caregiver. Caregivers are often

---

[1] Information in this paragraph is sourced from www.als.org and the National Institute of Health's "Amyotrophic Lateral Sclerosis fact sheet" (January 2017), available from https://www.ninds.nih.gov/sites/default/files/migrate-documents/ALS_FactSheet-E_508C.pdf and downloaded on September 28, 2025.

relatives who have forgone their occupations in order to care for the daily activities of the ALS patient. The demands of caregiving for an ALS patient take a toll on the health and finances of their caregivers as well. Of the neurodegenerative diseases, ALS is considered one of the most expensive and burdensome, imposing significant direct and indirect costs on the ALS patient, the caregivers, medical professionals, and the healthcare industry.

8. Since 1980, although over one hundred (100+) clinical trials with various compounds have been conducted and published, only four active pharmaceutical ingredients ("APIs") have been approved by the FDA for the treatment of ALS. RELYVRIO®, a drug using one of those APIs, was subsequently withdrawn from the market due to a failed clinical study. RADICAVA ORS® is one of the few drug formulations containing one of the remaining three approved APIs for the treatment of ALS.

**RADICAVA ORS®**

9. Shionogi is the owner of NDA No. 215446. Through its approval of NDA No. 215446 on May 12, 2022, the FDA granted approval of the first oral suspension formulation containing the edaravone API at a dose concentration of 105 mg/5 mL, available in the United States and marketed and sold under the trade name RADICAVA ORS®.

10. TPC, the prior owner of the RADICAVA ORS® business and assets and developer of RADICAVA ORS®, invested hundreds of millions of dollars in research and development demonstrating the efficacy and safety of RADICAVA ORS® for the treatment for ALS.

11. Although there is no cure for ALS, RADICAVA ORS® helps slow the progression (*i.e.*, loss of physical function) of the disease in ALS patients by approximately thirty-three percent (33%) as compared to a placebo over the same six-month period. Unlike the prior RADICAVA® intravenous ("IV") formulation, RADICAVA ORS® can be administered by the patient or

caregivers at the convenience of a home setting, either orally or via a feeding tube, and in only a few minutes. There is no need to transport the patient to a healthcare facility for IV injection of RADICAVA®.

12. On March 28, 2024, the FDA granted seven years of Orphan Drug Exclusivity for RADICAVA ORS® for the treatment of ALS based upon the FDA's assessment that RADICAVA ORS® constitutes a major contribution to patient care for people living with ALS because it provides patients the clinically superior option of an oral suspension route of administration, reducing the burden patients faced with IV administration of the previously approved RADICAVA® formulation.

13. Pursuant to 21 U.S.C. § 360cc(a)(2) relating to Orphan Drug Exclusivity, the FDA may not approve another application "for the same drug for the same disease or condition for a person who is not the holder of such approved application or of such license until the expiration of seven years from the date of the approval of the approved application or the issuance of the license."

14. The Orphan Drug Exclusivity for RADICAVA ORS® expires on May 12, 2029.

15. The Patent-in-Suit is listed in the Approved Drug Products With Therapeutic Equivalence Evaluations ("Orange Book") in connection with NDA No. 215446 for RADICAVA ORS®.

## <u>THE PARTIES</u>

16. Shionogi is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 400 Campus Drive, Florham Park, New Jersey 07932.

17. On information and belief, Defendant Shanghai Auzone is a company organized and existing under the laws of China, with a principal place of business at 19/F, No. 1366 Yangshupu Road, Yangpu District, Shanghai, 200082, P.R. China.

18. On information and belief, Defendant Auzone Biological Technology (USA) Ltd. is a company organized under the laws of Delaware, with a principal place of business at 3500 S Dupont HWY, Dover, DE 19901-6041.

19. On information and belief, Defendant Auzone Biological Technology Pty Ltd is a company organized under the laws of Australia, with a principal place of business in 17 Bungowen Ave, Thornleigh, NSW, Australia 2120.

20. On information and belief, Shanghai Auzone is the holder of 505(b)(2) NDA No. 219846, seeking FDA approval to market AUKONTALS, an edaravone product for the treatment of ALS, relying upon RADICAVA ORS® as the Reference Label Drug ("RLD") and the studies disclosed in NDA No. 215446 for RADICAVA ORS® in seeking abbreviated FDA approval for Shanghai Auzone's 505(b)(2) NDA No. 219846.

21. On information and belief, Defendants are in the business of, inter alia, directly or indirectly, developing, manufacturing, marketing, distributing, selling, offering for sale, and/or

importing generic versions of branded pharmaceutical products throughout the world, including the United States and the State of New Jersey.

22. On information and belief, Defendants collaborate with respect to the development, regulatory approval, marketing, distribution, and/or sale of generic versions of branded pharmaceutical products in the United States, including in the State of New Jersey.

23. On information and belief, Shanghai Auzone, Auzone Biological Technology (USA) Ltd., and Auzone Biological Technology Pty Ltd are agents of one another and/or operate in concert as integrated units of the same corporate group.

24. On information and belief, the acts of Shanghai Auzone, Auzone Biological Technology (USA) Ltd., and Auzone Biological Technology Pty Ltd set forth in this Complaint were done with the cooperation, participation, and assistance of one another.

25. On information and belief, Shanghai Auzone caused Shanghai Auzone's 505(b)(2) NDA No. 219846 to be submitted to FDA and seeks FDA approval of Shanghai Auzone's 505(b)(2) NDA.

26. On information and belief, after obtaining FDA approval of Shanghai Auzone's 505(b)(2) NDA No. 219846, Defendants will act cooperatively to distribute, offer to sell, and sell the proposed infringing products described in Shanghai Auzone's 505(b)(2) NDA No. 219846

throughout the United States, including the State of New Jersey, consistent with their earlier actions with respect to other generic versions of branded pharmaceutical products.

## JURISDICTION AND VENUE

27. Shionogi restates, realleges, and incorporates by reference paragraphs 1–26 as if fully set forth herein.

28. This action arises under the Patent Laws of the United States and the Food and Drug Laws of the United States, Titles 35 and 21, United States Code.

29. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

30. This Court may exercise personal jurisdiction over Shanghai Auzone because, on information and belief, Shanghai Auzone is a Chinese company and is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. On information and belief, Shanghai Auzone directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. On information and belief, Shanghai Auzone purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Defendants' generic products.

31. This Court may exercise jurisdiction over Auzone Biological Technology (USA) Ltd. because, on information and belief, Auzone Biological Technology (USA) Ltd. is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. On information and belief, Auzone Biological Technology (USA) Ltd. directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. On information and belief, Auzone Biological

Technology (USA) Ltd. purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Defendants' generic products.

32. This Court may exercise jurisdiction over Auzone Biological Technology Pty Ltd because, on information and belief, Auzone Biological Technology Pty Ltd is an Australian company and is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. On information and belief, Auzone Biological Technology Pty Ltd directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. On information and belief, Auzone Biological Technology Pty Ltd purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Defendants' generic products

33. On information and belief, as described in Shanghai Auzone's notification of NDA No. 219846 and the certification under 21 U.S.C. § 355(b)(2)(A)(iv), dated October 6, 2026 ("Shanghai Auzone's Notice Letter"), Shanghai Auzone caused NDA No. 219846 to be submitted to the FDA to seek FDA approval of NDA No. 219846 prior to the expiration of the Patent-in-Suit listed in the Orange Book for RADICAVA ORS®.

34. This Court also has personal jurisdiction over Defendants because Defendants have committed, aided, abetted and participated and/or will commit, will aid, will abet and/or will participate in the commission of acts of patent infringement, including acts in this judicial district, which have led to foreseeable harm and injury to Shionogi in this judicial district.

35. Venue is proper, pursuant to 28 U.S.C. §§ 1391 and/or 1400, in this Court for Shanghai Auzone for reasons stated above and, *inter alia*, on information and belief, because Shanghai Auzone is a foreign corporation and may be sued in any judicial district in the United States.

36. Venue is proper, pursuant to 28 U.S.C. §§ 1391 and/or 1400, in this Court for Auzone Biological Technology (USA) Ltd. for reasons stated above and, *inter alia*, on information and belief, because Auzone Biological Technology (USA) Ltd. has a regular and established place of business in New Jersey and has committed acts of infringement in New Jersey.

37. Venue is proper, pursuant to 28 U.S.C. §§ 1391 and/or 1400, in this Court for Auzone Biological Technology Pty Ltd for reasons stated above and, *inter alia*, on information and belief, because Auzone Biological Technology Pty Ltd is a foreign corporation and may be sued in any judicial district in the United States.

**THE PATENT-IN-SUIT**

38. Shionogi owns the ’586 patent, which was duly and legally issued on April 14, 2026, and is entitled “Edaravone suspension for oral administration.” A copy of the ’586 patent is attached as Exhibit A.

**DEFENDANTS’ ABBREVIATED 505(b)(2) NDA**

39. On information and belief, Shanghai Auzone submitted to the FDA, and continues to maintain, its abbreviated 505(b)(2) NDA No. 219846 relying upon the RADICAVA ORS® data for FDA approval.

40. On information and belief, Defendants seek approval of 505(b)(2) NDA No. 219846 for a proposed edaravone product containing 90 milligrams (3 x 30 milligram tablets) of edaravone.

41. On information and belief, 505(b)(2) NDA No. 219846 identifies RADICAVA ORS® as the reference listed drug (“RLD”).

42. To date, Plaintiff has not received samples of Defendants’ edaravone product or the edaravone API used by Defendants.

43. On information and belief, Shanghai Auzone seeks FDA approval of NDA No. 219846 to engage in the commercial manufacture, use, sale, offer for sale and/or importation of its proposed edaravone product.

44. On information and belief, the FDA has not approved NDA No. 219846.

45. On information and belief, Shanghai Auzone sent Shionogi Shanghai Auzone's Notice Letter, purporting to include "Detailed Statement of the Factual and Legal Bases for Shanghai Auzone Biological Technology Co., Ltd. on Behalf of Shanghai Auzone Biological Technology Co., Ltd.'s Paragraph IV Certification Regarding U.S. Patent No. 12,599,586." Shanghai Auzone's Notice Letter stated that Shanghai Auzone had filed NDA No. 219846, seeking approval to manufacture, use, import, offer to sell and/or sell Shanghai Auzone's proposed edaravone products before the expiration of the Patent-in-Suit.

46. On information and belief, the FDA has not determined that Defendants' proposed edaravone product is clinically superior or constitutes a major contribution to patient care as compared to RADICAVA ORS®.

## CLAIMS FOR RELIEF

## COUNT 1: INFRINGEMENT OF THE '586 PATENT

47. Shionogi restates, realleges, and incorporates by reference paragraphs 1–45 as if fully set forth herein.

48. On information and belief, Defendants submitted and/or caused the submission of 505(b)(2) NDA No. 219846 to the FDA, seeking approval of Defendants' proposed edaravone product in the United States prior to the expiration of the '586 patent.

49. On information and belief, Defendants' proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '586 patent, including

at least Independent Claim 1 of the ’586 patent. For example, on information and belief, differences, if any, between the features of Defendants’ proposed edaravone product and the claims of the ’586 patent are insubstantial, and Defendants’ proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the methods and/or products claimed in the ’586 patent.

50. Defendants have infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the ’586 patent by submitting 505(b)(2) NDA No. 219846 with Shanghai Auzone’s Notice Letter, seeking approval of Defendants’ proposed edaravone product prior to the expiration of the ’586 patent listed in the FDA Orange Book.

51. On information and belief, Defendants intend to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Defendants’ proposed edaravone product upon receipt of final FDA approval of 505(b)(2) NDA No. 219846.

52. On information and belief, the importation, manufacture, offer to sell, sale, or use of Defendants’ proposed edaravone product in the United States prior to the expiration of the ’586 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the ’586 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

53. Upon information and belief, Defendants were aware of the ’586 patent prior to amending 505(b)(2) NDA No. 219846 to add § 505(b)(2)(A)(iv) allegations with respect to that patent. On information and belief, Defendants amended 505(b)(2) NDA No. 219846 to add § 505(b)(2)(A)(iv) allegations despite an objectively high likelihood that its submission constituted infringement of a valid patent, and this risk was either known to Defendants or so obvious that it should have been known.

54. Shionogi is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of 505(b)(2) NDA No. 219846 be a date that is not earlier than the expiration date of the ’586 patent or the later expiration of any patent term extension and/or patent term adjustment and any additional periods of exclusivity for the ’586 patent to which Shionogi is or becomes entitled.

55. Shionogi is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, or sell Defendants’ proposed edaravone product within the United States, or import Defendants’ proposed edaravone product into the United States, or induce or contribute to such activities, Defendants will infringe one or more claims of the ’586 patent under 35 U.S.C. §§ 271(a), (b) and (c).

56. Shionogi will be irreparably harmed if Defendants are not enjoined from Defendants’ activities infringing the ’586 patent. Shionogi does not have an adequate remedy and an award of damages would not make Shionogi whole.

## PRAYER FOR RELIEF

**WHEREFORE,** Shionogi respectfully requests the following relief:

A. A judgment that Defendants have infringed the Patent-in-Suit pursuant to 35 U.S.C. § 271(e)(2) by submitting 505(b)(2) NDA No. 219846 to the FDA seeking approval of Defendants’ proposed edaravone product prior to the expiration of one or more claims of the Patent-in-Suit;

B. A judgment that the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States, of Defendants’ proposed edaravone product described in 505(b)(2) NDA No. 219846 will infringe, induce, and/or contribute to the infringement of one or more claims of the Patent-in-Suit;

C. An order issued pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of 505(b)(2) NDA No. 219846 be a date not earlier than the expiration date of the Patent-in-Suit, including any patent term extensions and/or patent term adjustments and any additional periods of exclusivity to which Shionogi is or becomes entitled;

D. An order preliminarily and permanently restraining and enjoining Defendants, Defendants' directors, officers, agents, attorneys, affiliates, divisions, successors, and employees, and those acting in privity or concert with Defendants, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of any drug product, or the use thereof, claimed in the Patent-in-Suit, before the expiration date of the Patent-in-Suit, including any patent term extension and/or patent term adjustment and any periods of exclusivity, including Orphan Drug Exclusivity, to which Shionogi is or becomes entitled;

E. A declaration that this is an exceptional case and an award to Shionogi of its reasonable expenses, including attorneys' fees pursuant to 35 U.S.C. § 285;

F. An award to Shionogi of costs incurred in this action; and

G. Such other and further relief as the Court may deem just and proper.

Dated: October 13, 2026
Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@fbtgibbons.com
jlower@fbtgibbons.com
sdonat@fbtgibbons.com

Bryan C. Diner
Justin J. Hasford
Kassandra M. Officer (*pro hac vice* to be submitted)
Kenneth S. Guerra (*pro hac vice* to be submitted)
Li Zhang (*pro hac vice* to be submitted)
Alexander E. Newkirk (*pro hac vice* to be submitted)
Shivani Karthikeyan (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4431
(202) 408-4000

John D. Livingstone (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
271 17th St NW #1400
Atlanta, GA 30363
(404)-653-6400

Chiaki Kobayashi (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
33rd Floor, Shiroyama Trust Tower
3-1, Toranomon 4-chome
Minato-ku, Tokyo, JAPAN 105-6033
+813-3431-6943

*Attorneys for Plaintiff*
*Shionogi Inc.*